IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS AUTHORITY,

                                                                             OPINION AND ORDER

                Plaintiff,

                                                                             14-cv-882-bbc

     v.

AETNA LIFE INSURANCE COMPANY,
AETNA HEALTH AND LIFE INSURANCE COMPANY,
AETNA HEALTH INSURANCE COMPANY and DOES 1-4,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff University of Wisconsin Hospital and Clinics Authority brought this action initially in Wisconsin state court to recover payment for a procedure performed on a patient. The patient was a participant in a healthcare plan governed by the Employee Retirement and Income Security Act. 29 U.S.C. § 1001. After performing the procedure, plaintiff submitted a claim to the plan, but defendants Aetna Life Insurance Company, Aetna Health and Life Insurance Company and Aetna Health Insurance Company denied the claim on the ground that the procedure required preauthorization that had not been obtained. Plaintiff attempted to resolve the dispute through defendants' internal appeals process but was unsuccessful. Plaintiff then filed a claim in state court to recover the amount due for the procedure under various state law theories rather than under ERISA in federal court. Defendants removed the case to this court, contending that ERISA preempted plaintiff's

1

state law claims.

Defendants have now moved to dismiss the action on the same grounds. Because I conclude that plaintiff's claims are preempted by ERISA, the complaint will be dismissed, but I will give plaintiff an opportunity to amend its complaint and plead claims under ERISA.

Plaintiff alleges the following facts in its complaint.

ALLEGATIONS OF FACT

On November 29 of 2012, Shawn M. Schildgen underwent an MRI at plaintiff University of Wisconsin Hospital. Plt.'s Cpt., dkt. #1, at ¶ 8. Schildgen was insured under an ERISA-governed heathcare plan administered by defendants. Id. at ¶ 5. Before administering the MRI, plaintiff contacted an Aetna representative to determine whether it needed preauthorization under the plan. Id. at ¶ 9. The representative stated that no preauthorization was required. Id. at ¶ 10. Plaintiff administered the MRI and submitted its bills directly to defendants "for charges incurred in providing Defendants' insured with medical treatment." Id. at ¶ 12. Defendants refused to pay the claim, saying that preauthorization was not received, as required under the plan. Id. at ¶ 13. Plaintiff then attempted to resolve the dispute through defendants' internal appeal process for denial of benefits, but was unsuccessful. Id. at ¶ 14. To date, the outstanding amount is $9,869.86. Id. at ¶ 15.

OPINION

A. ERISA Preemption

Defendants contend that plaintiff's complaint must be dismissed because all its claims are preempted by ERISA. Section 502(a)(1)(B) of ERISA provides that "a civil action may be brought by the participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. In addition, ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144. Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). Plaintiff cannot move forward on preempted state law claims. Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996).

The parties agree that a two-part test determines whether plaintiff's claims fall within the scope of ERISA's civil enforcement provision, but disagree whether the elements of the test are met. The test is straightforward: if (1) plaintiff could have brought its claim under ERISA § 502(a)(1)(B); and (2) there is no independent legal duty implicated by defendant's actions, then the claim is preempted by ERISA. Davila, 542 U.S. at 210.

1. ERISA's civil enforcement provision

The parties dispute whether plaintiff could have brought this claim under ERISA's

civil enforcement provision. Section 502(a)(1)(B) states that an action may be brought by "a participant or beneficiary" to the plan. 29 U.S.C. § 1132. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002.

Defendants argue that plaintiff is a beneficiary under the plan because it has received an assignment from the participant. Franciscan Skemp Healthcare, Inc. v. Central States Joint Board Heath & Welfare Trust, 538 F.3d 594, 597 (7th Cir. 2008) ("Franciscan Skemp took an assignment of benefits from Romine and filed a claim form with Central States. The filing of the form and the language on the form demonstrate an assignment of benefits. Once Romine's assignee, Franciscan Skemp stands in her shoes and is an ERISA beneficiary."). Plaintiff has made conflicting statements about whether it has received a formal assignment of benefits from Schildgen. In its complaint it states clearly that it "has a valid assignment from defendants' insured Shawn M. Schildgen, and is asserting his right to recover benefits under the contract for healthcare coverage between Defendants and Shawn M. Schildgen." Plt.'s Cpt., dkt. #1, at ¶ 38. However, in its brief in opposition to defendants' motion to dismiss, plaintiff says that it "does not have an assignment on file that would grant it beneficiary status." Dkt. # 5, at 6. Plaintiff's allegation may be construed as an admission of assignment, but, even if I did not construe it that way, I would conclude that plaintiff is an ERISA beneficiary under the law of the Court of Appeals for the Seventh Circuit.

Plaintiff cites a number of cases from outside this circuit for the proposition that in

4

order to be a beneficiary, a provider must have received some type of assignment directly from the participant.  E.g., Ward v. Alternative Health Delivery Systems, Inc., 261 F.3d 624, 627 (6th Cir. 2001); City of Hope National Medical Center v. HealthPlus, Inc., 156 F.3d 223, 227-28 (1st Cir. 1998); DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc., 2014 U.S. Dist. LEXIS 93170, 12-23, 2014 WL 3349920 (D. Ariz. July 8, 2014); Cameron Manor, Inc. v. United Mine Workers of America, 575 F. Supp. 1243 (W.D. Pa. 1983). However, the plain language of the statute provides that beneficiaries are those "designated by a participant, *or* by the terms of an employee benefit plan . . . " 29 U.S.C. § 1002 (emphasis added).

The court of appeals in this circuit has embraced the plain reading and held that ERISA beneficiaries include those who are designated to receive benefits under the plan language, regardless whether the assignment comes from the participant herself.  Ruttenberg v. U.S. Life Insurance Co. in City of New York, 413 F.3d 652, 662 (7th Cir. 2005) ("We join the weight of authority in concluding that an ERISA 'beneficiary' may be a person designated to receive benefits under the terms of the plan itself; the definition is not limited to individuals designated by a 'participant' to receive benefits.").  The plan in this case states that the "network provider will take care of claim submission. . . .  Aetna will directly pay the network provider less any cost sharing required by [the insured]." Dkt. # 3, Ex. 1, at 9. And plaintiff submitted its bills for the patient's care directly to defendants.  Plt.'s Cpt., dkt. # 1, at ¶¶ 12, 14.

Plaintiff is designated by the plan to receive benefits and stepped into the shoes of the

participant patient to accept benefits under the plan. As this court and others in this circuit have found, plaintiff is a beneficiary and could have brought its claims under ERISA. University of Wisconsin Hospital & Clinics Authority v. Southwest Catholic Health Network Corp., No. 14-CV-780-JDP, 2015 WL 402739, at *4 (W.D. Wis. Jan. 28, 2015) ("Assignment aside, UW Hospital could have brought its claims under ERISA because its right to additional compensation flows exclusively from Mr. Daws's participation in the plan."); OSF Healthcare System v. Contech Construction Products Inc. Group Comprehensive Health Care, No. 1:13-cv-01554-SLD–JEH, 2014 WL 4724394 at *3 (C.D. Ill., Sept. 23, 2014) (plan language that allowed assignments sufficient for beneficiary status when provider alleged it received benefits directly); Emerus Hospital Partners, LLC v. Health Care Services Corp., -- F. Supp. 2d ---, 2014 WL 1715516, at *3 (N.D. Ill. Apr. 29, 2014) ("Allowing a plaintiff 'to hold itself out as an assignee of ERISA benefits such that it could receive direct payments from insurance companies, but escape ERISA entirely when attempting to collect these payments, simply by stating that it never actually received such assignments ... [would] be illogical and run contrary to the interests of justice.'") (quoting Spring E.R., LLC v. Aetna Life Insurance Co., 2010 WL 598748, at *2 (S.D. Tex. Feb. 17, 2010)).

2. Independent legal duty

Under the second part of the Davila test, the court must determine whether the defendants' actions implicate a legal duty independent from any arising under ERISA.

Davila, 542 U.S. at 210. Defendants argue that all plaintiff's claims arise from the agreement to pay for services under the plan and that no legal duty is implicated. Id.

Plaintiff cites Franciscan Skemp, 538 F.3d at 599, for the proposition that state law claims brought by healthcare providers are not completely preempted by ERISA, but Franciscan Skemp is distinguishable from this case. In that case, the provider could not stand in the patient's shoes to recover benefits because the patient had *no right* to benefits under the plan after being ejected from the plan for failing to pay COBRA premiums. Id. at 598. In other words, the fight was not over whether the patient's care should be covered under the plan; the parties agreed the patient was not covered by the plan.

In this case, the patient might have brought this claim had he been billed directly. Thus, plaintiff is standing in the patient's shoes to recover benefits under the plan, not pursuing damages arising from a duty between itself and defendants. To the extent plaintiff argues that it and defendants formed a new contract or "relationship" when defendants' representative stated the procedure could be performed without preauthorization, such arguments have been held to be preempted by an ERISA as well. Pohl v. National Benefits Consultants, Inc., 956 F.2d 126, 128 (7th Cir. 1992) (plaintiff pleaded negligent misrepresentation and court held that "[o]ne of ERISA's purposes is to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written, thus ruling out oral modifications. . . . This purpose would be thwarted if participants could maintain suits under state law against a plan administrator that were based on oral representations of coverage.").

Because both parts of the Davila test are met, all plaintiff's state law claims are completely preempted by ERISA.

B. Dismissal

The district court has three options when plaintiffs improperly plead ERISA claims: (1) allow for amendment of the pleadings to an ERISA action; (2) construe and consider the allegations under ERISA; or (3) dismiss the case with prejudice as a sanction. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992); University of Wisconsin Hospital & Clinics Authority, 2015 WL 402739, at *4. Defendants ask the court to dismiss this case with prejudice, but they do not explain why this is an appropriate sanction. Because dismissal with prejudice is a serious sanction and defendants fail to support their position, I decline to dismiss this case with prejudice. I also decline to construe plaintiff's allegations under ERISA because plaintiff has not asked the court to do so and has shown no interest in having its case considered under the ERISA statute. Accordingly, I will give plaintiff an opportunity to amend its complaint and plead its claims under ERISA. If plaintiff does not amend its complaint, the case will be dismissed with prejudice for plaintiff's failure to prosecute.

ORDER

IT IS ORDERED that

1. The motion to dismiss, dkt. # 2, filed by defendants Aetna Life Insurance

Company, Aetna Health and Life Insurance Company and Aetna Health Insurance Company is GRANTED IN PART. The case is DISMISSED without prejudice.

    2. Plaintiff University of Wisconsin Hospital and Clinics Authority may have until April 3, 2015 to amend its complaint and plead claims under ERISA. If plaintiff fails to do so, the case will be dismissed with prejudice.

    Entered this 11th day of March, 2015.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge