IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN
HOSPITALS AND CLINICS AUTHORITY,                    OPINION and ORDER

           Plaintiff,                                              14-cv-882-bbc

   v.

KAY KAY REALTY CORP. FLEXIBLE
BENEFIT PLAN, AETNA LIFE INSURANCE
COMPANY, AETNA HEALTH AND LIFE INSURANCE
COMPANY, and AETNA HEALTH INSURANCE
COMPANY.[1]

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff University of Wisconsin Hospitals and Clinics Authority has filed suit against defendants Kay Kay Realty Corp. Flexible Benefit Plan, Aetna Life Insurance Company, Aetna Health and Life Insurance Company and Aetna Health Insurance Company for violations of the Employee Retirement Income Security Act. Specifically, plaintiff asserts that defendants have improperly denied it benefits under the terms of the Kay Kay Realty Corp. Flexible Benefit Plan, which is an employee benefit plan governed by ERISA. Plaintiff also asserts that the administrative procedures defendants employed to decide plaintiff's

---

[1] Plaintiff has also named four Aetna "subsidiary companies whose names are unknown to plaintiff" as defendants Does 1-4. These unknown entities have yet to be served or even identified. Accordingly, they will be dismissed from the case. Fed. R. Civ. P. 4(m).

administrative claim did not comport with the procedural requirements set forth in 29 U.S.C. § 1133.

Plaintiff and defendants have each filed a motion for summary judgment. Defendants' motion will be granted; plaintiff's motion will be denied. Plaintiff has failed to demonstrate the existence of any genuine issue of material fact with respect to whether it qualifies as a participant, a beneficiary or a fiduciary empowered to file suit under ERISA's civil enforcement provisions. Accordingly, plaintiff's claims will be dismissed with prejudice and judgment will be entered in defendants' favor.

From the parties' proposed facts, I find that the following are relevant and not genuinely disputed.

UNDISPUTED FACTS

Defendant Kay Kay Realty Corp. Flexible Benefit Plan is an employee benefit plan sponsored by Kay Kay Realty Corporation to provide health insurance for Kay Kay employees. The plan was administered by defendant Aetna Life Insurance Company. Plaintiff University of Wisconsin Hospitals and Clinics Authority is a public body created for the purpose of operating a number of healthcare facilities, including the University of Wisconsin Hospital in Madison, Wisconsin.

Kay Kay Realty's benefit plan is a type of preferred provider organization medical plan. Although the plan allows individuals to receive treatment and services from any licensed healthcare provider, they are encouraged to obtain care from doctors that are in

Aetna's network of preferred providers.  Providers join the network by entering into an agreement with Aetna to provide services to Aetna's customers on certain terms and typically for a reduced fee.  Plaintiff has entered into such an agreement with Aetna and is an "in-network" provider.

If an individual obtains treatment from an Aetna network provider, her out-of-pockets costs generally are lower than if she obtained treatment from a provider that is not in Aetna's network.  Moreover, when treated by an out-of-network provider, individuals are required to precertify that the services are covered before they receive them.  Also, the plan requires that the individual insured pay out-of-network providers personally and then seek reimbursement through Aetna's claims process.  By contrast, when an individual receives services from an in-network provider, the insured does not need to precertify treatment or deal with the claim reimbursement process.  Aetna pays its network providers directly for any covered services they provide to individuals covered by the plan.

The plan also states in two separate sections that individuals cannot assign their right to coverage or benefits to any other person without Aetna's consent. The plan booklet provides that "[c]overage may be assigned only with the written consent of Aetna." The insurance certificate similarly provides: "No rights or benefits under this Policy are assignable by the Policy holder to any other party unless approved by Aetna."

During the relevant time period, Rose Schildgen was a participant in the Kay Kay Benefit Plan and was insured by Aetna.  Rose's son, Shawn Schildgen, was also covered by the plan as a designated beneficiary.  In November 2012, Shawn began to experience

3

gastrointestinal problems and was taken to plaintiff's facilities for treatment. In an effort to discern the cause of Shawn's gastrointestinal problems, one of the doctors treating him ordered an MRI spine series. The MRI was performed on December 5, 2012.

Plaintiff billed Aetna $11,367.37 for Shawn's MRI. However, Aetna refused to pay $9,520.00 of the $11,367.37 bill on the ground that plaintiff did not precertify the procedure before it was performed. On June 13, 2013, plaintiff appealed Aetna's refusal to pay for the full cost of the MRI; it asserted that before the MRI was performed an Aetna representative told plaintiff's insurance verifiers that precertification was not necessary. Aetna denied plaintiff's appeal.

More than a year later, on September 12, 2014, plaintiff again wrote to Aetna, but this time plaintiff threatened to sue if Aetna did not pay for the MRI. Aetna refused to consider plaintiff's request because "a claim payment decision review request must be filed [with Aetna] within 180 days of the initial claim decision." Plaintiff's September 12, 2014 letter was sent more than a year after the plan's deadline for challenging claims decisions. Approximately three months later, plaintiff filed this lawsuit in a Wisconsin state court, after which Aetna removed it to this court.

OPINION

As an initial matter, defendants point out that Aetna Health and Life Insurance Company and Aetna Health Insurance Company are separate entities that did not provide insurance to Shawn and did not participate in the decision to deny plaintiff's claim.

Therefore, defendants ask that they be dismissed. Plaintiff has not presented any evidence that either of these entities was involved in the circumstances that gave rise to its claims and do not object to defendants' request that they be dismissed. Accordingly, I will enter summary judgment in their favor and dismiss plaintiff's claims against them with prejudice. That leaves only Aetna Life Insurance Company and the Kay Kay Realty Corp. Flexible Benefit Plan as defendants in this action.

Plaintiff contends that defendants are liable under § 502(a)(1)(B) and that Aetna has violated § 503. The threshold and dispositive issue in this case is whether plaintiff has the right to file suit under ERISA's civil enforcement provisions in the first place. Because I conclude that it is not entitled to do so, it is not necessary to consider the merits of the plan administrator's benefits claim denial or remand plaintiff's claim to the plan administrator.

### A. Is plaintiff entitled to sue under § 502?

Plaintiff's claim for benefits under the plan must be brought pursuant to § 502(a)(1)(B), Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 146-47 (1985), and its claim to enforce ERISA's provisions governing Aetna's administrative claims procedure must be brought pursuant to § 502(a)(3). Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir. 1992) ("If a participant does not receive the notice and review that he or she is entitled to under Section 503, the participant may bring a civil enforcement action under Section 502(a)(3) and (e) of ERISA."). Under § 502(a)(1)(B) only a plan "participant" or plan "beneficiary" has the right to file suit. Section 502(a)(3) expands the

scope of who can sue, but only slightly: it provides that a "participant, beneficiary, or *fiduciary*" may file suit. Accordingly, to avoid summary judgment against it, plaintiff must demonstrate that a material issue of fact exists as to whether it is (1) a plan participant; (2) a plan beneficiary; or (3) a plan fiduciary. Plaintiff does not contend that it qualifies as either a plan "participant" or a plan "fiduciary." Therefore the issue is simply whether plaintiff qualifies as a "beneficiary."

To qualify as a beneficiary, plaintiff must show that it is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Although plaintiff has taken inconsistent positions throughout this litigation with respect to how it falls within the scope of this definition, plaintiff presents two general arguments in its briefs.

First, plaintiff argues that it qualifies as a beneficiary entitled to sue on the basis of an assignment of Shawn's rights under the plan. Indeed, the Court of Appeals for the Seventh Circuit has held that a provider becomes a beneficiary under an ERISA plan when a plan participant assigns the provider its rights under the plan. Kennedy v. Connecticut General Life Insurance Co., 924 F.2d 698, 700 (7th Cir. 1991). However, plaintiff has yet to produce any evidence that it has actually received an assignment from Shawn or his parents. Accordingly, plaintiff has failed to meet its burden on summary judgment. Eberts v. Goderstad, 569 F.3d 757, 766-67 (7th Cir. 2009) ("As we have said many times before, a motion for summary judgment requires the responding party to come forward with the evidence that it has—it is the 'put up or shut up' moment in a lawsuit.") (quoting Koszola

v. Board of Education of the City of Chicago, 385 F.3d 1104, 1111 (7th Cir. 2004)).

Moreover, even if plaintiff had come forward with a valid assignment, it would still have to overcome the fact that the plan prohibits participants from assigning their claims to third-parties, including the participants' doctors and service providers. The court of appeals has held that anti-assignment provisions, such as the one at issue here, are enforceable and will invalidate an assignment of rights under the plan. Morlan v. Univeral Guarantee Life Ins. Co., 298 F.3d 609, 615 (7th Cir. 2002)("[W]e hold that claims for welfare benefits, not limited to health-care benefits, are assignable, *provided of course that the ERISA plan itself permits assignment*[.]") (Emphasis added). In order to become a beneficiary by way of an assignment, the assignment must be valid. Here, any purported assignment of Shawn's rights would be invalid unless consented-to by Aetna.

Plaintiff's second argument is that it is designated as entitled to benefits by virtue of its right to receive direct payment for services from Aetna. This argument fails as well. In line with every other circuit court of appeals to consider the issue, the Court of Appeals for the Seventh Circuit has recently held that a provider's right to direct payment under a plan does *not* make it a beneficiary entitled to sue under § 502. Pennsylvania Chiropractic Association v. Independence Hospital Indemnity Plan, Inc., 802 F.3d 926, 929 (7th Cir. 2015). Doctors' and hospitals' rights under their provider contracts with insurers are unrelated to an insured's rights under a benefit plan and the mere existence of the former does not give the provider any rights in the latter. To the extent that plaintiff has any rights, they are governed by its provider contract with defendant. Id. at 929-30; Rojas v. Cigna

7

Health and Life Ins. Co., 793 F.3d 253, 257 (2d Cir. 2015) (dismissing ERISA claims based on direct payment and noting that "[plaintiff] has sued under the wrong agreement.").

Plaintiff argues that its status as a beneficiary is not based merely on its network provider contract, but also on the terms of the plan itself. Specifically, plaintiff points to the section of the plan entitled "How Your PPO Plan Works," which provides: "Aetna will directly pay the network provider less any cost sharing required by you." This language is inadequate as a designation that plaintiff is entitled to benefits under the plan. It simply informs plan participants that when they receive services from a network provider, they are not required to prepare and submit an insurance claim because the provider's payment is handled under the separate provider contracts between defendant and its network of providers.

I recognize that this holding is at odds with my prior ruling in this case that plaintiff *did* qualify as a beneficiary entitled to bring a civil action under ERISA. University of Wisconsin Hospital and Clinic Authority v. Aetna Life Insurance Co., No. 14-cv-882-bbc, 2015 WL 1065559, at *2 (W.D. Wis. March 11, 2015) ("Plaintiff is designated by the plan to receive benefits and stepped into the shoes of the participant patient to accept benefits under the plan."). However, at the time of this ruling, the Court of Appeals for the Seventh Circuit had not decided Pennsylvania Chiropractic Association (decided on October 1 of this year) and the parties' relationship to each other under the plan was not as clear as it is now in the light of summary judgment.

I will grant defendant's motion for summary judgment on plaintiff's § 502(a)(1)(B)

8

claim and on its claim that defendants violated § 503. In light of this holding, I need not address the merits of Aetna's decision to deny plaintiff's administrative claim or whether the process employed to review plaintiff's claim comports with ERISA's "full and fair review" requirements under § 503. Moreover, a remand to the plan administrator would be inappropriate because I would be remanding a claim plaintiff did not have the right to bring in the first place. Pennsylvania Chiropractic Association, 802 F.3d at 930 ("Plaintiffs are not 'beneficiaries' as ERISA uses that term, so they are not entitled to the procedures established by § 1133 and the implementing regulations.").

Finally, I note, as other courts have in similar cases, that plaintiff may have contract claims to enforce their negotiated network provider agreements with Aetna. Pennsylvania Chiropractic Association, 802 F.3d at 930 ("[Plaintiff] may have contract claims, but as the parties are not of completely diverse citizenship a federal court cannot adjudicate them."). In line with the holding in Pennsylvania Chiropractic, I cannot adjudicate these claims because they would arise under state law and plaintiff has not alleged facts sufficient to support jurisdiction under 28 U.S.C. § 1332. Id.

B. Are defendants entitled to an attorney fee award under ERISA 502(g)(1)?

The final issue I need to address is the parties' respective requests for attorney fees under § 502(g)(1). As an initial matter, I note that the language of § 502(g)(1) suggests that the court may simply lack the authority to enter an attorney fee award under that section in this case. Section § 502(g)(1) provides that fee awards are limited to actions filed under

Section 502 "by a participant, beneficiary, or fiduciary."  29 U.S.C. § 502(g)(1).  As discussed above, although this action was filed pursuant to § 502, it was *not* filed by a "participant, beneficiary, or fiduciary."

In any event, even if I had the authority to enter an attorney fee award in this case, I would decline to do so. Deciding whether to award attorney fees in an ERISA case involves a two-step process.  First, the court must consider whether the movant has had "some success on the merits." Hardt v. Reliance Standard Life Insurance Co., 560 U.S. 242, 255 (2010). If so, then it must consider whether the non-moving party's position was "substantially justified."  Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 339 (7th Cir. 2004) ("[T]he 'substantially justified' standard . . . [is] the 'bottom-line' question to be answered even when the more elaborate [five-factor] test is used.").  If the position was not substantially justified, an attorney fee award is appropriate.

Clearly, plaintiff is not entitled to attorney fees—it lost.  As for defendants, it is unclear whether they have obtained "success on the merits" or instead the type of "purely procedural victory" that the Supreme Court has held cannot support a fee award.  Hardt, 560 U.S. at 256.  To the extent defendants' victory can be characterized as success on the merits, I conclude that they are not entitled to a fee award in this case because, at least at the time plaintiff filed suit, its position was "substantially justified."  In particular, its assertion that it was a beneficiary under the plan because it had the right to obtain direct payment under its provider contract with Aetna was an open question before the Seventh Circuit's recent decision in Pennsylvania Chiropractic Association, 802 F.3d at 929.

10

Accordingly, I will deny both parties' respective requests for a fee award under § 502(g)(1).

ORDER

1.  The motion for summary judgment filed by plaintiff University of Wisconsin Hospital and Clinics Authority, dkt. #20, is DENIED. The motion for summary judgment filed by defendants Aetna Health Insurance Company, Aetna Health and Life Insurance Company, Aetna Life Insurance Company and Kay-Kay Realty Corp. Flexible Benefit Plan, dkt. #24, is GRANTED.

2.  Plaintiff's § 502(a)(1)(B) claim and its claim that defendants violated § 503 is DISMISSED WITH PREJUDICE.

3.  The clerk of court is directed to enter judgment accordingly.

Entered this 14th day of December, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge